# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| JCM INSURANCE SERV., INC., et al., | ) CASE NO. 1:23-cv-1801 ) |
| Plaintiffs, | ) JUDGE DAVID A. RUIZ ) ) |
| v. | ) ) |
| GOVERNMENT EMPLOYEES INSURANCE CO., et al., | ) **MEMORANDUM OPINION AND ORDER** ) ) |
| Defendants. | ) |

On August 11, 2023, Plaintiffs JCM Insurance Services and James Moyer filed a Complaint against GEICO and other defendants in the Cuyahoga County Court of Common Pleas, Case No. CV-23-983829. (R. 1-1, PageID# 13-22). The Complaint alleged that "on or about December 3, 2020, Mr. Moyer signed the 2020 [GEICO Field Representative] GFR Agreement." (R. 1-1, PageID# 15, ¶11). Count One seeks declaratory relief concerning the entitlement to compensation for policy renewals under a 2020 GFR agreement; Count Two alleges breach of contract—namely the 2020 GFR agreement; and Count Three alleges unjust enrichment alleging Plaintiffs "confer[ed] a benefit upon [defendants] and [they] knowingly accepted the benefits conferred upon them when Plaintiffs sold Defendants' insurance products without any compensation, serviced Defendants' customers without any compensation, and provided business to Defendants without any compensation." (*Id.* at ¶49).

On September 15, 2023, Defendant GEICO removed this action to the Northern District of Ohio with the express consent of the other named Defendant, Geico Insurance Agency, LLC ("GIA"). (R. 1-5, PageID# 20, ¶6). On the same date, Defendants filed a Motion to transfer

venue to the United States District Court for the Southern District of Ohio, arguing that one of the Plaintiffs herein, James Moyer, already filed a purported class action claim against GEICO therein in Case No. 2:23-cv-578 ("*Moyer I*").[1] Defendants' motion to transfer was made pursuant to 28 U.S.C. § 1404(a) and the "first-to-file" doctrine. (R. 4, PageID# 211).[2]

On October 13, 2023, Plaintiffs filed their First Amended Complaint, which repeated the same three causes of action; Plaintiffs also filed a brief opposing the motion to transfer venue. (R. 8 & 9). On October 20, 2023, Defendants filed a reply in support of their motion to transfer venue.[3]

Thereafter, on December 18, 2023, Plaintiffs filed a Notice indicating that on December 1, 2023, the Southern District of Ohio had dismissed Plaintiffs' complaint in Case No. 2:23-cv-578 (*Moyer I*). (R. 15). Plaintiffs asserts that the first-to-file doctrine does not apply when the first matter is no longer pending. (R. 15, PageID# 453) (*citing Galoski v. Stanley Black & Decker, Inc.*, 2014 WL 4064016, 2014 U.S. Dist. LEXIS 113945, at *6 (N.D. Ohio Aug. 14, 2014)). Accordingly, Plaintiffs contend that because their ERISA complaint is no longer pending in the Southern District of Ohio, Defendants' first-to-file argument is now moot and transfer is unwarranted. *Id*. Defendants have not responded to this mootness argument.

> Under the so-called "first-to-file" rule, "when duplicative lawsuits are pending in separate federal courts, the entire action should be decided by the court in which an action was first filed." *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F.Supp.2d 686, 688 (E.D. Tenn. 2005) (internal citations omitted). This doctrine

---

[1] A week later, Defendants also filed a motion to dismiss for failure to state a claim. (R. 5).

[2] Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[3] A week later, Defendants filed a second motion to dismiss the First Amended Complaint for failure to state a claim. (R. 11).

> promotes judicial economy and "encourages comity among federal courts of equal rank" when the "actions involve[] nearly identical parties and issues." *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assocs., Inc.*, 16 Fed. App'x 433, 437 (6th Cir. 2001). An action is considered duplicative under this doctrine when the "determination in one action leaves little or nothing to be determined in the other." *Smith v. SEC*, 129 F.3d 356, 361 (6th Cir. 1997) (internal citations omitted). Defendants claim that Court should look to three factors when determining whether parallel actions are duplicative and subject to this first-to-file rule: (1) the chronology of the actions; (2) the similarity of the parties involved; and, (3) the similarity of the issues at stake. *Fuller*, 370 F.Supp.2d at 688.
>
> In this instance, there are not two duplicative lawsuits pending in two federal courts of equal rank. The Connecticut case was dismissed in January of 2014, and is no longer pending. Although on appeal in the Second Circuit, the case is no longer pending in the Connecticut federal court of "equal rank." Once a case is no longer pending, res judicata, not the "first-to-file" rule would apply to determine whether future litigants should be bound by the prior decision. Defendant has made clear that they are not arguing res judicata or any type of issue or claim preclusion at this point in time.

*Galoski*, 2014 U.S. Dist. LEXIS 113945 at *5-6.

As in *Galoski*, at this point in time, there are no longer two duplicative lawsuits *pending* in two federal courts of equal rank. Assuming for the sake of argument only that the lawsuit in the Southern District was indeed duplicative, that action is no longer pending and a transfer would no longer promote judicial economy. Herein, Defendant has not responded and, therefore, has not drawn the Court's attention to any authority suggesting that a transfer should still occur.

In addition, as Defendants have not responded, there is no suggestion that the Southern District of Ohio's dismissal order would have a *res judicata* impact on any of the causes of action raised before this Court. To the contrary, as acknowledged in Defendants' initial brief, the unjust enrichment claim asserted in the original complaint in *Moyer I* was dropped by Plaintiffs when they filed an Amended Complaint *prior* to the dismissal order. (R. 4, PageID# 212, ¶7).[4]

---

[4] As stated in Defendants' brief, "[o]n May 2, 2023, Plaintiff Moyer filed a First Amended Complaint in *Moyer I* against Defendants GEICO and GIA, along with one other named

3

In the Southern District of Ohio action, only ERISA related claims remained in the Amended Complaint. Conversely, the present action before this Court does *not* contain any ERISA claims. Without deciding the matter, there is no clear indication *res judicata* would apply.

For the foregoing reasons, Defendants' Motion to change/transfer venue (R. 4) is DENIED.

IT IS SO ORDERED.

s/ *David A. Ruiz*
David A. Ruiz
United States District Judge

Date: September 23, 2024

---

defendant and fifteen unknown defendants. (ECF No. 1-4 ("*Moyer I* Amended Complaint").) The *Moyer I* Amended Complaint abandoned Plaintiff Moyer's unjust enrichment claim that was present in the Original *Moyer I* Complaint. (Compare Original *Moyer I* Complaint with *Moyer I* Amended Complaint.)" The Amended Complaint raised the following causes of action on behalf of a purported class: (1) "Declaratory Relief Under ERISA"; (2) "Injunctive Relief" related to ERISA classification; (3) "Claim for Benefits Under ERISA § 502(a)(1)(B)"; (4) an additional "Claim for Benefits Under ERISA § 502(a)(1)(B)"; and (5) "Retaliatory Termination Under ERISA § 510." (R. 29, S.D. Ohio Case No. 2:23-cv-578).