**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JCM INSURANCE SERVICES, INC. *et al.*, | CASE NO. 1:23-CV-01801-DAR |
| Plaintiffs, | JUDGE DAVID A. RUIZ |
| | UNITED STATES DISTRICT JUDGE |
| v. | |
| | MAGISTRATE JUDGE |
| GOVERNMENT EMPLOYEES INSURANCE | JENNIFER DOWDELL ARMSTRONG |
| COMPANY, *et al.*, | |
| Defendants. | **MEMORANDUM OPINION** |
| | **AND ORDER** |

## I.      INTRODUCTION

This matter is before me on the motion of plaintiffs JCM Insurance Services, Inc. ("JCM") and James Moyer (collectively, "Plaintiffs") to compel discovery responses from defendants Government Employees Insurance Company ("GEICO") and Geico Insurance Agency, LLC ("GIA," and together with GEICO, "Defendants"). (ECF No. 48). For the reasons set forth below, Plaintiffs' motion to compel is GRANTED IN PART and DENIED IN PART.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs allege that Mr. Moyer, who is the sole owner of JCM, was a captive insurance agent for Defendants. Plaintiffs also allege that, under a 2012 field representative agreement, they were not entitled to any payments or commissions for renewals that occurred after the termination of the agreement. However, Plaintiffs allege that, in December 2020, the parties entered into a new agreement, which omitted that provision. Accordingly, Plaintiffs assert that they are entitled to compensation for post-termination renewals under the 2020

1

agreement but that Defendants have refused to pay.

Plaintiffs also allege that Defendants forced them to provide services outside the scope of the agreement without providing additional compensation, including by requiring Plaintiffs to field service calls during the COVID-19 pandemic. Plaintiffs further allege that Defendants rerouted potential customers of Plaintiffs to GEICO's corporate office, a GEICO affiliate, or a third-party insurance company, including by requiring certain customers to file paper applications. Finally, Plaintiffs allege that, beginning in July 2022, Defendants prohibited Plaintiffs from performing service calls for any GEICO customer, denying Plaintiffs an opportunity to sell additional insurance coverage during the service process. Plaintiffs assert claims for declaratory relief, breach of contract, and unjust enrichment.

On or about January 9, 2026, the parties notified the Court of a potential discovery dispute. (*See* ECF non-document entry dated January 9, 2026). After the parties submitted letters regarding their respective positions, the Court referred the matter to me to address the parties' dispute. (*See* ECF non-document entry dated January 21, 2026). I held a discovery hearing with the parties on January 29, 2026. At the conclusion of that conference, I ordered the parties to meet and confer and then file a Joint Status Report on or before February 17, 2026 that outlined the discovery issues they have resolved, as well as any discovery issues that remain outstanding. (Non-document order dated Jan. 29, 2026.)

On February 17, 2026, the parties filed an unopposed motion for a brief extension of time to submit the Joint Status Report February 20, 2026 (ECF No. 46), which I granted. (Non-document order dated Feb. 17, 2026.) In the Joint Status Report, the parties reported that they had resolved several issues, but numerous unresolved issues remained allegedly relating to Plaintiffs' Requests for Production ("RFP") 1-3, 6-10, and 12-13. (ECF No. 47.)

On February 23, 2026, I issued an order stating in relevant part that:

> Because Exhibit 1 raises arguments more appropriate for a motion to compel than a status report, Plaintiffs may file a motion to compel regarding these RFPs on or before 3/2/2026. The motion to compel must outline how the discovery Plaintiffs seeks relates to each specific RFP and attach the relevant RFPs to the motion to compel. Defendants may file a response to the motion to compel on or before 3/9/2026. Plaintiffs may file a reply in support of the motion to compel on or before 3/12/2026.

(Non-document order dated Feb. 23, 2026.) Plaintiffs filed a motion to compel on March 2, 2026. (ECF No. 48). Defendants opposed that motion on March 9, 2026. (ECF No. 50). Plaintiffs filed their reply on March 13, 2026. (ECF No. 55.) The motion to compel is now fully briefed and ripe for resolution.

## III.    LAW & ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) provides that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 26 embodies a liberal approach to discovery, and "relevance" is construed broadly for discovery purposes. *See Noakes v. Case Western Reserve Univ.*, No. 1:21-CV-01776-PAB, 2022 WL 17811630, at *2 (N.D. Ohio Dec. 19, 2022). Material "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

After the 2015 revisions to the Federal Rules, however, discovery must also be "proportional" to the needs of the case. Fed. R. Civ. P. 26(b)(1); *see also Helena Agri-Enters., LLC v. Great Lakes Grain, LLC*, 988 F.3d 260, 273 (6th Cir. 2021). The revised rules "ensure[] that the parties and courts share the 'collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.'" *Helena Agri-Enters.*, 988 F.3d at 273 (quoting Fed. R. Civ. P. 26(b), advisory committee's note to 2015 amendment). As a result, "[i]t is now the power—and *duty*—of the district courts [to]

3

actively manage discovery and to limit discovery that exceeds its proportional and proper bounds." *Id*. at 274 (quotation omitted, emphasis in original).

Rule 37(a)(1)(B) provides that a party may move to compel responses to discovery. Fed. R. Civ. P. 37(a)(1)(B). The party moving to compel "bears the burden of demonstrating [the] relevance" of the requested discovery. *White v. City of Cleveland*, 417 F. Supp.3d 896, 902 (N.D. Ohio Oct. 25, 2019) (quoting *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019)). If the moving party demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *Id*. (quoting *CSX Transp.*, 2019 WL 1760069, at *4). Courts have broad discretion in overseeing the scope of discovery and ruling on motions to compel. *See James v. Cuyahoga County*, 648 F. Supp. 3d 897, 903-04 (N.D. Ohio 2022).

### A.   **Timeliness**

As a threshold matter, Defendants argue that I should deny Plaintiffs' motion to compel because Plaintiffs were dilatory in filing it. Defendants note that this case has been pending for over two years and that Plaintiffs waited months after Defendants made their initial document production before raising any issues. Defendants also note the impending discovery cutoff and cite to several cases for the proposition that a court may deny a motion to compel where the moving party fails to move in a timely fashion to compel production.

Defendants' argument is not well-taken in the circumstances presented here. Plaintiffs filed their motion to compel on March 2, 2026, nearly a month before the then-existing discovery cutoff. (ECF Nos. 43, 48). After Plaintiffs filed their motion to compel, the Court extended the discovery cutoff by an additional 60 days, meaning that discovery will not close until June 1, 2026. (*See* ECF non-document entry dated March 16, 2026).

4

That distinguishes this case from the cases on which Defendants rely, as those cases involved motions to compel filed either shortly before or after the discovery cutoff. *See Spurlock v. Whitley*, 79 F. App'x 837, 839 (6th Cir. 2003) (affirming order denying discovery where plaintiffs "failed to use their opportunities for discovery . . . when they were available"); *Ginett v. Fed. Express Corp.*, 166 F.3d 1213 (Table), 1998 WL 777998, at *5 (6th Cir. Oct. 21, 1998) (affirming denial of motion to compel where responses would have been due after close of discovery); *Hyland v. Homeservices of America, Inc.*, No. 3:05-CV-612, 2012 WL 1680109, at *4-5 (W.D. Ky. May 14, 2012) (denying motion to compel where plaintiffs filed it only 10 days before close of discovery).

Defendants are correct that Plaintiffs could have—and perhaps should have—brought the dispute to the Court's attention sooner. However, given the extended discovery cutoff, the parties have more than two months to complete additional discovery, which is ample time. I also note that Plaintiffs sent Defendants several deficiency letters during the relevant period and that the parties engaged in multiple meet-and-confer sessions regarding the alleged deficiencies. Accordingly, I conclude that Plaintiffs' delay in bringing the dispute to the Court's attention does not warrant denying Plaintiffs' motion. I will therefore turn to the parties' arguments regarding the disputed requests.

**B.**   **Documents relating to the 2020 Field Representative Agreement**

*1.*   ***Request for Production Number 1***

In Request for Production Number 1, Plaintiffs seek all documents relating to the 2020 field representative agreement other than copies of the agreement signed by other field representatives. During the meet-and-confer process, Plaintiffs agreed to limit Request Number 1 to documents regarding extrinsic evidence of whether field representatives were entitled to commissions under the 2020 agreement after termination.

Defendants argue that Plaintiffs are not entitled to any additional documents because Defendants have already produced the operative agreement which, when combined with Plaintiffs' testimony, "is all that is needed" to resolve Plaintiffs' claims. (ECF N0. 50, PageID # 822). Defendants argue that the 2020 agreement is unambiguous and note that the Fifth Circuit has already ruled in their favor on the same issue in another case, *Sims Agency, LLC v. Gov't Employees Insurance Co.*, 159 F.4th 286 (5th Cir. 2025).

I disagree. While Defendants may believe that the 2020 agreement is unambiguous and that Plaintiffs' claims are without merit, Defendants may not simply assume that their legal position is correct, produce only enough documents to support that position, and then claim and any further discovery is irrelevant. I also note that, in denying Defendants' motion to dismiss, the Court expressly held that the agreement was ambiguous and that Plaintiffs' interpretation was "*plausible and reasonable* . . . ." (ECF No. 19 at 8) (emphasis in original).

Defendants are certainly free to argue to the Court that the agreement is unambiguous in light of Plaintiffs' testimony and the Fifth Circuit's decision, and they may very well prevail on that argument. However, I will not prejudge how the Court may rule. Plaintiffs are entitled to pursue discovery to support their arguments in the event the Court determines the agreement is ambiguous. The requested discovery, including internal, non-privileged communications among Defendants regarding whether field representatives were entitled to post-termination compensation, is relevant to that issue.

Defendants also argue that additional discovery is not proportionate to the needs of the case and would be unreasonably cumulative or duplicative. However, Defendants have not shown that Plaintiffs could obtain Defendants' internal communications from other sources. Moreover, Defendants have wholly failed to substantiate their assertion that the

discovery would be unduly burdensome or disproportionate to the needs of the case.

As noted above, once the issuing party meets its burden to show that the requested information is relevant, the burden shifts to the non-movant to show that producing the information would be unduly burdensome. *Barnes v. Midland Credit Mgmt.*, No. 1:19CV1483, 2020 WL 6778013, at *3 (N.D. Ohio Nov. 17, 2020). "[T]he Sixth Circuit has held that 'limiting the scope of discovery is appropriate when compliance would prove unduly burdensome, not merely expensive or time-consuming.'" *Id*. (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)) (cleaned up). Notably, "[a] showing of burden, alone, is inadequate to relieve a party from discovery obligations." *Am. Consol. Indus., Inc. v. Blasingim*, No. 1:19-cv-137, 2021 WL 4204936, at *4 (N.D. Ohio Feb. 24, 2021). Instead, "[t]he opposing party must also show that the burden is undue or disproportionate to the needs of the case." *Id*.

A party cannot rely on general assertions that a discovery request is unduly burdensome. Rather, "[a] responding party 'must show specifically how each discovery request is burdensome and oppressive by submitting affidavits or offering evidence revealing the nature of the burden.'" *In re Heparin Prods. Liab. Litig*., 273 F.R.D. 399, 410 (N.D. Ohio Jan. 24, 2011) (quoting *Kafele v. Javitch, Block, Eisen & Rathbone*, No. 03-638, 2005 WL 5095186, at *2 n.8 (S.D. Ohio Apr. 20, 2005)). "The mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection." *Id*. (quoting *Kafele*, 2005 WL 5095186, at *2 n.8).

Here, Defendants have offered no information regarding the volume of internal communications at issue or the burden and expense that they would incur in complying with

Request Number 1. Accordingly, they have not shown that the request, as narrowed through the parties' meet-and-confer process, is unduly burdensome or disproportionate to the needs of the case. Defendants are ordered to produce non-privileged documents and communications regarding the meaning of the 2020 agreement and whether field representatives are entitled to post-termination compensation under the agreement.

### 2.    Request for Production Number 2

Request Number 2 seeks all documents relating to the payment of renewal commissions after a field representative's relationship with GEICO has terminated. During the meet-and-confer process, Plaintiffs agreed to limit Request Number 2 to non-privileged internal communications between Defendants regarding contract interpretation, questions, or documents concerning post-termination commissions.

As with Request Number 1, this request is relevant to Plaintiffs' claims. Defendants have again failed to substantiate their argument that the request is unduly burdensome or disproportionate to the needs of the case, and Defendants' argument that they have already produced sufficient documents to show that they should prevail is not well-taken. Plaintiffs' motion to compel is therefore granted with respect to Request Number 2.

### 3.    Request for Production Number 3

Request for Production Number 3 seeks all documents relating to any new field representative agreement put in place since April 1, 2023, other than copies of agreements signed by other field representatives. During the meet-and-confer process, Plaintiffs agreed to limit Request Number 3 to non-privileged internal communications regarding the drafting of or need for an updated agreement and communications with field representatives regarding the new agreement.

To the extent Request Number 3 seeks communications regarding the need for an

updated agreement on the issue of post-termination compensation, this request is relevant, and Defendants have not shown that it is overly broad, unduly burdensome, or disproportionate to the needs of the case. However, Plaintiffs have not shown the relevance of communications regarding the 2023 agreement that do not touch on that topic. Thus, Plaintiffs' motion is granted with respect to Request Number 3 solely with respect to internal communications or communications between Defendants and field representatives addressing the 2023 agreement in the context of post-termination compensation. Plaintiffs' motion to compel is denied with respect to this request in all other respects.

### C. Requests Regarding Service Calls

#### 1. Request for Production Number 6

Request Number 6 seeks all documents regarding the agreement between GEICO and field representatives for the handling of additional service calls during the COVID-19 pandemic. During meet-and-confer sessions, Plaintiffs "narrowed" Request Number 6 to seek documents regarding the volume of calls to Defendants' call centers, how those calls were handled during the pandemic, and internal and external communications on the subject.

I agree with Defendants that Plaintiffs' purported clarification of Request Number 6 actually rewrites the request. The original request asked for documents regarding the agreement between GEICO and field representatives that field representatives would handle additional call volume. However, the reframed request seeks documents regarding other topics, such as the call volume to field representatives generally, that are at best tangentially related to the original request.

Plaintiffs also have not shown that Request Number 6 seeks relevant materials. The crux of Plaintiffs' service call claims is that Plaintiffs were injured because Defendants required them to handle an increased call volume during the pandemic but did not compensate

Plaintiffs for that increased volume. It is not clear to me how Defendants' communications with other field representatives bears on those claims. Even assuming those documents do have some relevance, Plaintiffs have not shown that requiring Defendants to produce them is proportional to the needs of the case. Plaintiffs' motion to compel responses to Request Number 6 is denied.

### 2.    *Request Number 7*

Request Number 7 seeks all telephone logs for any GEICO-owned telephone number associated with JCM from February 1, 2020 through April 30, 2023. Defendants respond that additional logs do not exist. "Ordinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate." *Snyder v. Fleetwood RV, Inc.*, No. 2:13-cv-1019, 2016 WL 339972, at *6 (S.D. Ohio Jan. 28, 2016). Here, Plaintiffs have not presented any evidence that Defendants' representation is inaccurate. Instead, they argue only that Defendants' witnesses testified that "data" regarding service calls exists. However, Plaintiffs did not ask for any and all data regarding service calls to Plaintiffs' telephone numbers. Plaintiffs asked for telephone logs. I cannot order Defendants to produce nonexistent logs. Plaintiffs' motion to compel is denied as to Request Number 7.

### 3.    *Request Number 8*

Request Number 8 seeks all documents relating to GEICO's decision to prohibit field agents from handling service calls beginning around July 2022. During the meet-and-confer process, Plaintiffs agreed to narrow Request Number 8 to seek documents reflecting why GEICO prohibited field representatives from handling service calls, how those calls were handled without field representative support, and communications regarding the impact of the policy change.

Defendants argue that Request Number 8 is irrelevant because Plaintiffs' breach of contract claim, as pled in the complaint, relates only to the failure to pay post-termination commissions rather than lost sales from the inability to handle service calls. Plaintiffs respond that the Federal Rules have abolished any "theory of the pleadings" doctrine and that their complaint put Defendants on notice that Plaintiffs were pursuing claims based on service calls as well. I agree.

Rule 8(a)(2) requires only a "short and plain statement of the claim," Fed R. Civ. P. 8(a)(2), and the Supreme Court has held that a complaint is not deficient simply because the plaintiff failed to set out the precise legal theory supporting the plaintiff's cause of action. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014); *see also Colonial Refrigerated Transp., Inc. v. Worsham*, 705 F.2d 821, 825 (6th Cir. 1983) ("The 'theory of the pleadings' doctrine, under which a plaintiff must succeed on those theories that are pleaded or not at all, has been effectively abolished under the federal rules . . . .") (quoting *Ogala Sioux Tribe of Indians v. Andrus*, 603 F.2d 707, 714 (8th Cir. 1979)). Thus, a plaintiff's claim is not defective for failure to plead a precise legal theory "provided that such a shift in the thrust of the case does not work to the prejudice of the opposing party." *Worsham*, 705 F.2d at 825 (quoting *Andrus*, 603 F.2d at 714. Here, the First Amended Complaint expressly alleges that Defendants prohibited Plaintiffs from performing service for any GEICO customer beginning around July 2022 and that the policy change prevented Plaintiffs from receiving commissions from service customers who wanted to buy additional insurance. (ECF No. 8, ¶ 27).

It is true that a plaintiff may not assert new theories in response to a motion for summary judgment. *Alexander v. Carter for Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018). However, this case is before me on a discovery dispute, not a dispositive motion. I will not

prejudge how the Court may rule at summary judgment on Defendants' argument that Plaintiffs are pursuing an unpled theory. At this stage, Plaintiffs are seeking discovery related to factual allegations that they have made in the First Amended Complaint. Request Number 8 therefore seeks relevant material. Nor have Defendants shown that this request is otherwise unduly burdensome or disproportionate to the needs of the case. Plaintiffs' motion to compel is granted with respect to Request Number 8.

### D.  Requests Regarding Paper Applications and The General

#### 1.  Request for Production Number 9

Request for Production Number 9 seeks all documents regarding GEICO's requirement that some customers submit paper applications. During the meet-and-confer process, Plaintiffs agreed to narrow Request Number 9 to internal communications regarding policies and procedures, factors Defendants' system uses to trigger a paper application, and communications instructing employees or field representatives on the process.[1]

This request is relevant to Plaintiffs' claim that Defendants diverted policies that Plaintiffs otherwise would have sold by requiring customers to file paper applications rather than completing the process with Plaintiffs. However, Defendants argue that no additional discovery is necessary because they already produced documents showing that the claim is defective. That argument fails for the reasons discussed above. Moreover, while Defendants argue that the request is disproportionate to the needs of the case, they have not substantiated any alleged burden. Nor have they shown that documents and communications regarding the

---

[1] Defendants argue that Plaintiffs have abandoned any claim based on Defendants' alleged policy of diverting customers to themselves or requiring paper applications, asserting that Plaintiffs "admitted that they do not have a basis for" the claim and "therefore are not pursing this claim." (ECF No. 50, PageID # 824). But the excerpts of Mr. Moyer's deposition that Defendants cite in support of that argument do not substantiate it. Nor is there any other indication that Plaintiffs have agreed to abandon the claim. While Defendants may believe that Mr. Moyer's testimony supports their position, mischaracterizing that testimony and asserting that Plaintiffs have abandoned a claim when they have not does not further the orderly progress of this litigation.

paper application process would be cumulative to materials already produced. Plaintiffs' motion to compel responses to Request Number 9 is granted.

### 2. *Request for Production Number 10*

Request for Production Number 10 seeks all documents regarding instances in which GEICO required a customer of Plaintiffs to submit a paper application. Defendants respond that additional discovery would be cumulative to materials they have already produced, including a report documenting all instances where GEICO required a potential customer of Plaintiffs to submit a paper application, of which Defendants claim there were only two. Given Rule 26's liberal approach to discovery, however, I cannot say that it would be disproportionate to the needs of the case to require Defendants to produce additional documents regarding those applications, especially if the documents relate to only two policies. Plaintiffs' motion to compel is granted with respect to Request Number 10.

### 3. *Request for Production Number 12*

Request for Production Number 12 seeks copies of any insurance policy that GEICO sold to potential customers of Plaintiffs whom GEICO required to submit a paper application. Defendants respond that they cannot produce those policies because The General issued them and because Defendants do not maintain possession, custody, or control of The General's policies.

Rule 34(a)(1) provides that a party may request that the other party produce materials in "the responding party's possession, custody, or control . . . ." Fed. R. Civ. P. 34(a)(1). "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand." *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis omitted). "The burden of establishing

13

control over the documents sought is on the party seeking production." *Union Home Mortgage Corp. v. Jenkins*, No. 1:20cv2690, 2021 WL 1110440, at *9 (N.D. Ohio Mar. 23, 2021).

Defendants aver that they do not possession, custody, or control of policies issued by The General, and Plaintiffs have not shown that Defendants' assertion is inaccurate. I cannot order Defendants to produce documents that they do not have possession, custody, or control over. Plaintiffs motion is therefore denied as to Request Number 12.

### 4.        *Request for Production Number 13*

Finally, Request for Production Number 13 seeks documents regarding GEICO's relationship with The General. During the meet-and-confer process, Plaintiffs agreed to narrow the scope of Request Number 13, and now seek all documents and communications regarding Defendants' contractual relationship with The General, the outcall project to refer customers to The General, and internal emails regarding the project. Plaintiffs argue that such information "may elicit relevant information leading to additional unaffiliated insurers or diverted policies." (ECF No. 53, PageID # 1238).

That justification is too speculative to support such a broad request. *See Damsi v. Tarpstop, LLC*, No. 3:21-CV-0953, 2023 WL 9186657, at *6 (N.D. Ohio Oct. 19, 2023) (denying motion to compel where requests "amount[ed] more to a generalized 'fishing expedition' than a targeted search for evidence"). Given the breadth of Plaintiffs' request, its marginal relevance, and the information they have already received, Plaintiffs have not shown that Request Number 13 is proportionate to the needs of the case. Plaintiffs' motion to compel is denied with respect to Request Number 13.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Compel (ECF No. 48)  is GRANTED

14

IN PART and DENIED IN PART. Consistent with this order, Defendants shall produce documents responsive to Plaintiffs' requests for production numbers 1, 2, 3, 8, 9, and 10 within 30 days of the date hereof. Plaintiffs' motion is otherwise DENIED.

**IT IS SO ORDERED.**


Dated: March 24, 2025

_/s Jennifer Dowdell Armstrong_
Jennifer Dowdell Armstrong
U.S. Magistrate Judge

15